Nos. 04-01-00593-CR & 04-01-00651-CR



Andrew MENDOZA,


Appellant



v.



The STATE of Texas,


Appellee



From the 227th Judicial District Court, Bexar County, Texas


Trial Court Nos. 2001-CR-0720 and 2001-CR-1722-A


Honorable Philip A. Kazen, Jr., Judge Presiding



PER CURIAM


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Karen Angelini, Justice


Delivered and Filed: November 21, 2001


DISMISSED FOR LACK OF JURISDICTION

 Andrew Mendoza pleaded guilty to two counts of aggravated robbery. Pursuant to a plea
bargain agreement, the trial court sentenced him to twenty years confinement for each count and
imposed a $1,000 fine. Mendoza filed a notice of appeal, pursuant to Texas Rule of Appellate
Procedure 25.2(b)(3), claiming jurisdictional error.


 When a judgment is rendered on the defendant's plea of guilty or nolo contendere pursuant
to a plea bargain in a felony case, and the punishment assessed did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant, the defendant's notice of appeal
must (a) specify that the appeal is for a jurisdictional defect; (b) indicate that the substance of the
appeal was raised by written motion and ruled on before trial; or (c) state that the trial court granted
permission to appeal. Tex. R. App. P. 25.2(b)(3); Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim.
App. 2000). A timely notice of appeal complying with Rule 25.2(b)(3) is necessary to confer
jurisdiction on this court. See State v. Riewe, 13 S.W.3d 408 (Tex. Crim. App. 2000). Moreover,
this court's jurisdiction is limited to consideration of the matters set forth in the rule. See Cooper v.
State, 45 S.W.3d 77, 77 (Tex. Crim. App. 2001).

 Rule 25.2(b)(3) applies to this appeal. Mendoza's notice of appeal states he desires to appeal
a jurisdictional defect. Specifically, he asserts he was unaware that he could object to a visiting
judge, the District Attorney conducted a "mini-trial" and made him look like a threat to society, at
the trial, witnesses who were not present when he committed the offense testified against him, and
"P.S.I. granted [him] probation." His claims do not challenge the trial court's jurisdiction.

 We therefore ordered appellant to show cause why this appeal should not be dismissed for
lack of jurisdiction. Appellate counsel responded by filing a brief and motion to withdraw pursuant
to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues to
raise on appeal. Accordingly, we order the Anders brief filed by counsel stricken. The motions to
withdraw and the appeals are dismissed for lack of jurisdiction. 

 PER CURIAM

DO NOT PUBLISH